IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG DABBS, #R73673, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0847-MJR |
| | ) |
| S. A. GODINEZ, BRETT FINLEY, CARA SMITH, BRYAN GLECKER, ROBERTA FEWS, MARC HODGE, MARC BADER, CHERYL DUNN, DALE HOLMAN, BRYAN HOUSE, IDOC 523 FUND, ILLINOIS CORRECTIONAL INDUSTRIES and SARA DUNN, | ) |
| | ) |
|                 Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, an inmate currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages as well as injunctive relief on a multi-count complaint against all Defendants, alleging a broad conspiracy to (1) deprive him and other inmates at Lawrence of their money by illegally overcharging them at the commissary store; (2) use the money of which inmates were deprived to fund salaries for Dunn, House and Holmes, as well as funding other employee activities, such as giving employees turkeys at Thanksgiving; (3) launder the money through the 523 slush fund; (4) make him and other inmates pay for items such as gloves, hats and shirts that should have been provided to them for free; (5) deprive him of access to public information that should have been available to him under FOIA; (6) fake audits in order to keep his "stolen" money, also alleged as "cooking the books"; (7) not enforce

1

policies and standards, which allowed employees to steal Plaintiff's money; (8) violate his right of access to the courts by depriving him of resources at the law library, envelopes, copies and typewriters; (9) blacklist him for contacting various state agencies by issuing false disciplinary tickets and by depriving him of parole, transfer to a lower security prison and work release; (10) deprive him of his personal property by damaging his television when he was sent to segregation; and (11) any further discovered practices or circumstances that violate his rights.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff's complaint must be **DISMISSED** and a strike assessed. Plaintiff has simply not asserted claims that meet the "high standard of plausibility" necessary to allege "a vast, encompassing conspiracy." ***Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)**.

As the United States Supreme Court explained in *Ashcroft v. Iqbal*, **556 U.S. 662 (2009)**,

> A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense.

**556 U.S. at 663-64 (internal citations omitted)**. Plaintiff's factual allegations are threadbare, and so sketchy as to not provide Defendants with sufficient notice of Plaintiff's claims. ***Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[I]in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.")**. Plaintiff's complaint also lacks specificity as to individual Defendants, in that he brings his widespread claims *en masse* against all

2

Defendants. It fails the "experience and common sense" test to suggest that *all* Defendants – from the IDOC Director, the Chief Auditor and the Fiscal Deputy Director to the commissary employees and the librarian - conspired to, *inter alia*, blacklist him, damage his television and deny him information to which he was entitled under FOIA.

Even if Plaintiff had made more discrete claims, the Court can discern no constitutional violation for the alleged overcharging for commissary items and no right to receive free goods. *See, e. g., Holmes v. Williamson,* **2011 WL 3320495, at \*2 (C.D.Ill. 2011) ("The Court knows of no constitutional right to be able to purchase commissary items at a certain price").** Moreover, a claim that IDOC employees are violating contractual or state law pricing arises under state law and is not a federal constitutional claim. *See id.*

Claims of fake audits, slush funds, money laundering and allowing employees to steal Plaintiff's money are both implausible and not supported by sufficient factual allegations to state a claim.

Plaintiff's allegation that he was denied access to the courts is belied by his ability to file the instant action as well as by his continuing ability to file documents and motions herein. Lastly, as to Plaintiff's claim that his television set was damaged when he was moved to segregation, he has alleged no civil rights claim because Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. ***Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984);** *Murdock v. Washington,* **193 F.ed 510, 513 (7th Cir. 1999); 705 ILCS 505/8 (1995)**.

Accordingly, this case will be dismissed for failure to state a claim, which means that Plaintiff will accumulate one "strike" under 28 U.S.C. § 1915(g).

**Pending motions**

Because the Court finds that Plaintiff's action is frivolous, the Court **DENIES** Plaintiff's motion for preliminary injunction (Doc. 6), motion for writ of habeas corpus *ad testificandum* (Doc. 7), motion requesting a settlement conference (Doc. 8) and motion for service of process at government expense (Doc. 14).

**Disposition**

For the foregoing reasons, the Court **DISMISSES with prejudice** Plaintiff's suit against Defendants S. A. Godinez, Brett Finley, Cara Smith, Bryan Glecker, Roberta Fews, Marc Hodge, Marc Bader, Cheryl Dunn, Dale Holman, Bryan House, IDOC 523 Fund, Illinois Correctional Industries and Sara Dunn for conspiracy to deprive him of his constitutional rights. ***Fiorentino v. Biershbach,* 64 Fed.Appx. 550, 553 (7th Cir. 2003),** *citing Gladney v. Pendleton Corr. Facility,* **302 F.3d 773, 775 (7th Cir. 2002) ("[A] dismissal for failure to state a claim under § 1915A should be made with prejudice.")**.

Dabbs had already incurred two "strikes" for pursuing frivolous litigation. *See Dabbs v. Taylor*, Case No. 11-cv-0396-JPG (S.D.Ill.); *Dabbs v. Tazewell County, Illinois*, 08-cv-1153-HAB-JAG (C.D.Ill.). He has incurred a third strike for pursuing this action and is now "struck out" under 28 U.S.C. § 1915(g). *See* **Dye v. Bartow, 282 Fed.Appx. 434, 436 (7th Cir. 2008)**.

This case is closed.

IT IS SO ORDERED.

DATED: August 15, 2012

                                             s/Michael R. Reagan
                                             MICHAEL J. REAGAN
                                             United States District Judge